IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ANDREW CORNELIUS WALKER,   )
                               )
      Petitioner,        )
                               )
  v.                  )    CV 114-010
                               )    (Formerly CR 112-119 & CR 112-217)
UNITED STATES OF AMERICA,   )
                               )
      Respondent.      )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate at the Wheeler Correctional Facility in Alamo, Georgia, has

filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence. This case is now before the Court on Respondent's motion to dismiss, (doc. no.

4), which Petitioner opposes, (doc. no. 5). For the reasons set forth below, the Court

**REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**,

that Petitioner's § 2255 motion be **DISMISSED** without an evidentiary hearing, that this

civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of

Respondent.

I.     **BACKGROUND**

    A.     **Charged in Two Separate Cases**

The government charged Petitioner in two separate cases in 2012. In the first, the

grand jury in the Southern District of Georgia, on March 8, 2012, charged Petitioner,

along with three co-defendants, with participation in a four-member conspiracy to rob

commercial businesses. U.S. v. Walker, CR 112-119, doc. no. 3 (S.D. Ga. Mar. 8, 2012) (hereinafter "CR 112-119"). Petitioner was charged in seven counts of the eleven-count indictment: one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C. § 1951, one count of conspiracy to use firearms during violent crimes, in violation of 18 U.S.C. §§ 924(c) & (o), three counts of robbery of a commercial business, in violation of 18 U.S.C. § 1951, and two counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Id. The four counts involving robbery each carried a potential sentence of imprisonment of not more than twenty years. Id., doc. no. 4, p. 1. The conspiracy to use a firearm during a crime of violence carried a potential sentence of imprisonment of not more than twenty years. Id. at 2. The remaining two counts of using, carrying, and brandishing a firearm during a crime of violence carried a potential sentence of imprisonment of seven years if brandished (consecutive to any other sentence imposed), and not less than twenty-five years of imprisonment (consecutive to any other sentence imposed) upon a second or subsequent conviction under 18 U.S.C. § 924(c)(1)(A)(ii). Id.

In the second case, the government charged Petitioner on September 19, 2012, by information in the Northern District of Georgia, with one count of aiding and abetting the use and carrying of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). U.S. v. Walker, 1:12-CR-310, doc. no. 1 (N.D. Ga. Sept. 19, 2012.) Pursuant to Federal Rule of Criminal Procedure 20, Petitioner consented to transfer of the Northern District case to the Southern District. U.S. v. Walker, CR 112-217, doc. no. 1 (S.D. Ga. Sept. 21, 2012) (hereinafter "CR 112-217").

The Court appointed attorney Brendan N. Fleming under the Criminal Justice Act to represent Petitioner in both cases. CR 112-119, doc. nos. 40, 134.

## B.   Plea Agreement Reached With Government

Upon the transfer of the Northern District case to the Southern District, Petitioner pled guilty to two counts of using, carrying, and brandishing a firearm during a crime of violence, one count in CR 112-119 and one count in CR 112-217. Id., doc. nos. 109-11; CR 112-217, doc. nos. 3-5.   On September 21, 2012, United States District Judge J. Randal Hall held a change of plea hearing for both cases.   During the change of plea hearing, Judge Hall established Petitioner's competence to enter a guilty plea if he so desired. CR 112-119, doc. no. 142 (hereinafter "Rule 11 Tr."), pp. 14-17.   Petitioner also testified under oath that he was satisfied with the assistance he had received from Mr. Fleming and that he had read and reviewed the plea agreement with counsel before signing it. Id. at 18, 21.

Judge Hall reviewed the charges in both of Petitioner's cases and the possible statutory penalties for the charges to which Petitioner was pleading guilty. Id. at  5-13, 28.   Judge Hall informed Petitioner that a first conviction on a § 924(c)(1)(A)(ii) charge carried a statutorily-required prison sentence of seven years consecutive to any other sentence imposed and a second such conviction carried a prison sentence of not less than twenty-five years consecutive to any other sentence. Id. at 28.   Upon a question from Petitioner, Judge Hall also explained that because of the statutorily-required penalties for the charges to which he was pleading guilty, the only way for his sentence to be reduced would be to provide assistance to government such that the government would file a

3

motion to reduce Petitioner's sentence below the statutory requirements. Id. at 31-32. Additionally, Judge Hall reviewed the provision of the plea agreement wherein Petitioner agreed to pay restitution on all charges in the indictment, including counts dismissed pursuant to the plea agreement. Id. at 22, 28; CR 112-119, doc. no. 111, p. 8. When asked, Petitioner confirmed that he understood the possible penalties and restitution responsibility. Rule 11 Tr., pp. 28, 32.

Judge Hall also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed that he clearly understood those rights. Id. at 19-21. Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id.

Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

CR 112-119, doc. no. 111, p. 5. By signing the plea agreement Petitioner attested that he had read and understood the plea agreement and that it accurately set forth the terms and conditions of his agreement with the government. Id. at 12.

In addition, Judge Hall reviewed the appeal and collateral attack waiver as

4

follows:

> You've also agreed to voluntarily and expressly waive your right to appeal your conviction and sentence and the right to collaterally attack your conviction and sentence in a post-conviction proceeding on any ground, except that you may file an appeal of your sentence if the sentence exceeds the statutory maximum, if the sentence exceeds the sentencing guideline range that applies to your case, or if the Government should appeal your sentence. Otherwise, you are giving up or waiving your right of appeal.

Rule 11 Tr., pp. 22-23. Petitioner asked a clarifying question about sentencing, unrelated to the waiver provision, and affirmed that he understood what Judge Hall had explained.[1] Id. Petitioner also affirmed that, other than the promises the government made in the plea agreement, no one had made him any promises in order to get him to plead guilty. Id. at 24.

Next, Judge Hall heard a factual basis for the guilty pleas from Special Agent Jason Gustin with the Federal Bureau of Investigation. Id. at 35-44. Having heard the testimony of SA Gustin, Petitioner told Judge Hall he was guilty of, and wanted to plead to, the two charges of using, carrying, and brandishing a firearm delineated in his plea agreement. Id. at 44-46. Judge Hall then summarized the proceedings as follows:

> [Petitioner] is competent and fully understands the charges against him. There is an independent factual basis for his pleas of guilty containing each of the essential elements of the offenses.

> [Petitioner] knows the statutory minimum and maximum punishments that can be imposed on the charges. And [Petitioner] knows his jury rights, which [he] has voluntarily and knowingly waived. I further find that [Petitioner's] decision to plead guilty today is voluntary, knowing

---

[1]As explained *supra*, Judge Hall also explained the statutorily-required penalties of imprisonment for the charges to which Petitioner was pleading guilty. Rule 11 Tr., pp. 31-32.

and not the result of any force, pressure, threats or promises, other than the promises made by the Government in the plea agreement.

Therefore, [Petitioner's] plea of guilty is hereby accepted.

Id. at 47-48.

### C. Sentencing

The United States Probation Office then prepared a combined Presentence Investigation Report ("PSI") for CR 112-119 and CR 112-217. The Guidelines sentence for a violation of 18 U.S.C. § 924(c) is the minimum prison sentence required by the statute. See U.S.S.G. § 2K2.4(b); PSI ¶ 21. The minimum term of imprisonment required by the statute for a first violation of § 924(c) was seven years because Petitioner pled guilty to brandishing a weapon in CR 112-217. 18 U.S.C. § 924(c)(1)(A)(ii); PSI ¶ 21. The minimum term of imprisonment required by the statute for the second violation of § 924(c) to which Petitioner pled guilty in CR 112-119 was twenty-five years of imprisonment. 18 U.S.C. § 924(c)(1)(C)(i); PSI ¶ 21. The statute also requires that the two terms be served consecutively, for a total prison sentence of thirty-two years, i.e., 384 months. 18 U.S.C. § 924(c)(1)(D)(ii); PSI ¶¶ 21, 62, 63. The restitution, set in accordance with the plea agreement provision that Petitioner would be responsible for amounts that included dismissed counts, was set at $471,852.06. PSI ¶¶ 17, 22-24, 74.

Prior to sentencing, Petitioner objected to his responsibility for $102,113.06 in restitution, of a total recommended amount of $471,852.06, for the robbery of a Loomis armored car in which he claimed to have not participated; that robbery was not one of the charges to which he pled guilty. PSI ¶¶ 17, 23, 24; see also CR 112-119, doc. no. 3. On

the day of sentencing, the government filed a 5K1.1 motion for downward departure based on Petitioner's substantial assistance, a motion which allowed Judge Hall to consider a sentence below any applicable mandatory minimum sentence. CR 112-119, doc. no. 129. Judge Hall took up the objection and the 5K1.1 motion at the sentencing hearing.

As to the restitution objection, Judge Hall heard argument from both sides but overruled the objection and adopted the factual statements in the PSI and the recommended guidelines prison sentence of 384 months based on the statutory penalty requirements in 924(c) for consecutive sentences of seven and twenty-five years. Id., doc. no. 146 (hereinafter "Sent. Tr."), pp. 4-8. He set restitution at $471,852.06. Id. at 8. Judge Hall next took up the government's 5K1.1 motion for reduction of sentence. Id. at 9-19. Having heard from the government and the defense, Judge Hall granted the 5K1.1 motion and sentenced Petitioner to a total term of imprisonment of 300 months and joint and several restitution with his co-defendants in the amount of $471,852.06. Id. at 20-21; CR 112-119, doc. no. 130. All other remaining counts charged in CR 112-119 were dismissed. Sent. Tr., p. 23; CR 112-119, doc. no. 130.

In keeping with the terms of the plea agreement, Petitioner did not file a direct appeal. Petitioner, however, did file the instant § 2255 motion to vacate, set aside, or correct his sentence.

### D.    § 2255 Proceedings

In his § 2255 motion, Petitioner raises four grounds for relief:

(1) His due process rights were violated because the government charged him with offenses carrying a statutory minimum sentence,

thereby ensuring a lengthy prison sentence;

(2) There was no factual basis for accepting his guilty pleas;

(3) He received ineffective assistance because counsel misadvised him about sentencing exposure in order to persuade him to plead guilty; and

(4) He received ineffective assistance because counsel did not object to the issues raised in Grounds one and two, *supra*.

(Doc. no. 1, pp. 4-8.)

Respondent moves to dismiss Petitioner's § 2255 motion on the ground that it is barred by the collateral attack waiver in Petitioner's plea agreement. (See generally doc. no. 4.) In his opposition to the motion to dismiss, Petitioner continues to maintain that he was misled by counsel about his sentencing exposure and generally argues that his "minimal" role in crimes alleged, coupled with his substantial assistance to the government, should have resulted in a lesser term of imprisonment. (See generally doc. no. 7.) He generally claims that he is not aware of any benefit to, or bargain with, the government to which he agreed concerning a collateral attack waiver. (Id. at 2.) Petitioner also requests an evidentiary hearing. (Id. at 4.)

## II.     DISCUSSION

### A.     There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record."

Holmes v. U.S., 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. U.S., 365 F.3d 1225, 1238-39 (11th Cir. 2004) (*per curiam*).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. U.S., 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary, and Petitioner's request for one should be denied.

**B.    Petitioner's Valid Collateral Attack Waiver Bars All But One of His Claims.**

Petitioner's valid collateral attack waiver bars the claims in Grounds One, Two and Four. It is well settled that waiver of the right to attack a sentence and conviction on direct appeal or by habeas petition is enforceable if the waiver is knowing and voluntary. U.S. v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008) (*per curiam*); U.S. v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); U.S. v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. U.S., 320 F. Supp. 2d 1362, 1364-67 (N.D. Ga. 2004) (applying case law on waiver of direct appeal to waiver of collateral attack by § 2255 motion). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the

plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then the waiver is valid. See U.S. v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); U.S. v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); U.S. v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, the record confirms the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner explicitly set forth that he was voluntarily and expressly waiving his right to collaterally attack his convictions and sentence "in any post-conviction proceeding, including a § 2255 proceeding." CR 112-119, doc. no. 111, p. 5. However, Petitioner could file a *direct appeal* of his sentence if the government appealed or if the sentence exceeded the statutory maximum or the advisory sentencing guidelines range. Id. Neither of those events occurred in this case. Moreover, Judge Hall thoroughly and explicitly reviewed the appeal and collateral attack waiver provision in the plea agreement. Rule 11 Tr., pp. 22-23. After Judge Hall concluded his review, Petitioner acknowledged that he understood and agreed with the terms as explained by Judge Hall. Id.

While Petitioner would have the Court ignore his responses to Judge Hall's questions, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The record before the Court demonstrates Petitioner's

agreement to the collateral attack waiver was knowing and voluntary. Thus, any claim by Petitioner that he did not know about the waiver provision or its ramifications is without merit. The collateral attack waiver is valid and bars Petitioner's current claims about the government's exercise of its charging discretion, an alleged lack of factual basis for the guilty pleas, and counsel's failure to object to these two issues.

However, this finding does not end the Court's inquiry because in Ground Three, Petitioner claims that he received ineffective assistance when deciding whether to enter his guilty pleas based on alleged misinformation provided by counsel. This assertion, if found to have merit, would cast doubt not only on the validity of the appeal and collateral attack waiver, but also the knowing and voluntary nature of the entirety of the guilty pleas. Indeed, courts have recognized that a defendant cannot waive the right to raise an ineffective assistance claim alleging a problem at the time he was entering the plea or regarding advice provided regarding the waiver. Vaca-Ortiz, 320 F. Supp. 2d at 1365; see also Williams v. U.S., 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."). This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing Bushert, 997 F.2d at 1350-51). However, as discussed *infra*, the

Court determines that Petitioner's remaining ineffective assistance claim forms no basis for relief.

### C. Petitioner Is Not Entitled to Relief on the Remaining Ineffective Assistance Claim.

#### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. U.S., 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. U.S., 267 F.3d 1202, 1204-05 (11th Cir. 2001).

Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. U.S., 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (*per curiam*), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met

this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Thus, a petitioner must prove "serious derelictions" in counsel's advice regarding the plea. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (*en banc*) (citations omitted). Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Hill, 474 U.S. at 56-59.

### 2.   Petitioner Has Not Shown Entitlement to Relief Based on the Claim He Was Misadvised About Sentencing Exposure.

Petitioner alleges that Mr. Fleming persuaded him to plead guilty by assuring Petitioner "the best possible deal" had been arranged and telling Petitioner he faced a sentencing range of 87-108 months of imprisonment. (Doc. no. 1, p. 7; doc. no. 7, p. 3.) Petitioner never asserts in his § 2255 papers that he would not have pled guilty and instead gone to trial on all seven charges in CR 112-119 and the one charge in CR 112-217. Indeed, as set forth in the PSI, had Petitioner gone to trial and been convicted of Counts One, Two, Three, Five, or Eleven in CR 112-119, the combined guidelines sentence would have been imposed consecutively to the 384-month guidelines sentence calculated (prior to the 5K1.1 motion) for the two counts to which he pled guilty, and a conviction on Count Four in CR 112-119 would have required an additional 300-month sentence. PSI ¶ 64. Rather, the underlying theme throughout Petitioner's papers is that he is upset he received a longer sentence than his co-defendants. (Doc. no. 1, p. 7; doc. no. 7, p. 2.)

In any event, so long as the Rule 11 court correctly advises a defendant of the minimum and maximum penalties he faces as a result of pleading guilty, a petitioner fails to establish prejudice by alleging that counsel gave erroneous advice about the sentence he might receive or the possibility for enhancements under the guidelines.  See U.S. v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (*per curiam*) (no prejudice where counsel's deficient advice about possible sentencing implications was "cured" by district court, which explained "the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting [the] guilty plea"); see also U.S. v. Shedrick, 493 F.3d 292, 300 (3d Cir. 2007) (district court correctly denied § 2255 claim that counsel was ineffective for failing to advise petitioner of "the potential for an enhancement or upward departure" where such failure was "corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [the petitioner's] potential sentence"); U.S. v. Herrington, 350 F. App'x 363, 369 (11th Cir. 2009) (*per curiam*) (affirming district court's refusal to allow withdrawal of guilty plea with finding that defendant failed to show plea was not entered knowingly and voluntarily where judge at plea hearing set forth maximum possible penalties and fact that court was not bound by counsel's sentencing estimates).

At the Rule 11 proceedings in this case, prior to accepting Petitioner's guilty pleas, Judge Hall reviewed the possible statutory penalties for the charges to which Petitioner was pleading guilty, in both CR 112-119 and CR 112-217.  Rule 11 Tr., pp. 28,

31-32.[2] Judge Hall informed Petitioner of the required seven-year consecutive sentence upon the first conviction of a § 924(c)(1)(A)(ii) charge and the twenty-five year consecutive sentence upon a second or subsequent conviction under that same statute. Id. at 28. Upon a specific question from Petitioner, Judge Hall also explained that Petitioner's penalties were set by statute and the only way he could be sentenced lower than the statutory penalties was if the government filed a 5K1.1 motion for substantial assistance. Id. at 31-32. When asked if he understood the possible penalties, Petitioner affirmed that he did. Id. at 28, 32. Judge Hall specifically asked Petitioner if anyone had promised him a specific sentence, that he would "get X amount of time" if he pled guilty. Id. at 33. Petitioner replied, "Seven years plus 25. Yes, sir." Id. Judge Hall clarified that his question applied to a promise other than the statutory minimums, and Petitioner responded, "No, sir." Id.

Thus, the record is clear that Petitioner knew prior to entering his guilty pleas that his baseline sentence was 32 years, i.e., 384 months, regardless of whether, as he now claims, Mr. Fleming told him his sentence would be 87-108 months. As noted above, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Given Petitioner's sworn testimony that he had not been promised a specific sentence

---

[2]Petitioner was also informed of the statutory penalties he faced in CR 112-119 when he was arraigned. CR 112-119, doc. nos. 4, 11. As explained above, Defendant consented to a Rule 20 transfer of the second case from the Northern District to the Southern District, and he made his first appearance in the Southern District on that transferred case the day that Judge Hall accepted his guilty plea. Rule 11 Tr., pp. 11-13; CR 112-217, doc. no. 3.

other than the statutory penalties Judge Hall had reviewed with him and that he understood those penalties that Judge Hall had explained, he cannot now claim in these collateral proceedings that Mr. Fleming made incorrect promises about how Petitioner would be sentenced that induced Petitioner to plead guilty.

Likewise, the plea agreement Petitioner signed stated that Judge Hall was "free to impose any sentence authorized by law up to the statutory maximum sentence" and that his sentence might differ from the estimation of defense counsel or the United States Attorney." CR 112-119, doc. no. 111, p. 7. Thus, even if the Court were to accept Petitioner's contention that he was misadvised by Mr. Fleming regarding his potential sentence, no prejudice inured to Petitioner because any mis-advice was "cured" before he entered his guilty pleas by the information provided by Judge Hall and in the written plea agreement. See Wilson, 245 F. App'x at 11-12. At the Rule 11 proceedings, Judge Hall clearly spelled out the possible penalties Petitioner faced and the only way for reduction of that sentence would be through a 5K1.1 motion; Petitioner swore that he understood; and, Petitioner still chose to plead guilty. Therefore, Petitioner fails to carry his heavy burden to show prejudice under the second prong of Strickland, and he is not entitled to relief on his only ineffective assistance of counsel claim that survives his valid collateral attack waiver. Hill, 474 U.S. at 59; Brooks, 719 F.3d at 1300.

**D.    Petitioner's Guilty Pleas Were Knowingly and Voluntarily Entered.**

Having determined that Petitioner did not receive constitutionally ineffective assistance of counsel, the Court will lastly address any implication derived from the §

2255 motion that Petitioner's guilty pleas were otherwise not knowingly and voluntarily entered. The record is clear that any such arguments are without merit.

### 1.	Standard for Enforceability of Guilty Pleas.

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. U.S. v. Broce, 488 U.S. 563, 569 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows: "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights. A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense." U.S. v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. Thus, a defendant must receive "real notice of the true nature of the charged crime." Id.

The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." U.S. v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea." Id. at 1020 (quoting U.S. v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

### 2. Judge Hall's Colloquy with Petitioner Satisfied the Three Core Principles Required for Acceptance of a Guilty Plea.

Judge Hall informed Petitioner in clear terms of the charges to which he was pleading guilty, as well as the penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified that he understood the charges and penalties. Rule 11 Tr., pp. 5-13, 28, 31-32. Petitioner also admitted to the facts presented by the government as the factual basis for the pleas and told Judge Hall that he wanted to plead guilty to the two charges delineated in the plea agreement. Id. at 44-46. Judge Hall provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights. Id. at 19-21. Petitioner testified that no one had made him any promises other than those contained in the plea agreement to get him to plead guilty, and Judge Hall made a finding that Petitioner's decision to plead guilty was not the result of

force, pressure, threats or promises other than those in the plea agreement. Id. at 27-28, 44. Petitioner also testified that he had reviewed the plea agreement with Mr. Fleming before he signed it and was satisfied with the help he had received from Mr. Fleming. Id. at 18, 21. Thus, Judge Hall's thorough plea colloquy ensured that Petitioner understood both the nature of the charges and the consequences of his guilty pleas, and that Petitioner was not coerced into pleading guilty. See Moriarty, 429 F.3d at 1019. Petitioner has not argued, let alone shown a reasonable probability that but for any alleged error at the Rule 11 proceeding he would not have entered his guilty pleas. See Dominguez Benitez, 542 U.S. at 83.

As such, Petitioner will not now be heard to claim that his guilty pleas were not knowingly and voluntarily entered. Such assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding. "[S]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74; see also U.S. v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely"). Accordingly, the Court finds that Petitioner is not entitled to relief on any argument set forth in his § 2255 motion.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 4), that Petitioner's § 2255

motion be **DISMISSED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 14th day of July, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA